**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| CARL MARTY, ) | |
| ) | CASE NO. |
| Plaintiff, ) | |
| ) | |
| v. ) | TRIAL BY JURY |
| ) | DEMANDED |
| ) | |
| NORFOLK SOUTHERN RAILWAY ) | |
| COMPANY, and FRITO-LAY, INC., ) | |
| ) | |
| Defendants. ) | |

**COMPLAINT AND JURY DEMAND**

COMES NOW the Plaintiff, CARL MARTY, by and through his attorneys, DUNN HARRINGTON LLC, and for his Complaint and Jury Demand against Defendants, NORFOLK SOUTHERN RAILWAY COMPANY and FRITO-LAY, INC., states as follows:

**PARTIES**

1. Plaintiff, CARL MARTY is an individual residing in in the State of Indiana.

2. Defendant, NORFOLK SOUTHERN RAILWAY COMPANY ("NORFOLK SOUTHERN"), is a corporation duly organized and existing under the laws of the State of Virginia with its principal place of business in the State of Virginia.

3. Defendant, FRITO-LAY, INC. ("FRITO-LAY"), is a corporation with its principal place of business in the State of Texas and domiciled in the State of Delaware.

## JURISDICTION

4. This Court has jurisdiction over Plaintiff's claims pursuant to the Federal Employers' Liability Act, 45 U.S.C. Sec. 56, 28 U.S.C. Sec. 1331 (federal question), and 28 U.S.C. Sec. 1367(a)(supplemental jurisdiction).

## COUNT I - FEDERAL EMPLOYERS' LIABILITY ACT (FELA)
## CARL MARTY V. NORFOLK SOUTHERN RAILWAY COMPANY

5. That at all pertinent times NORFOLK SOUTHERN owned, managed, maintained, and used as a portion of its railroad system a certain facility located in Frankfort, Indiana.

6. At all pertinent times NORFOLK SOUTHERN operated a railroad system in interstate commerce as a common carrier of freight in and through various states including the State of Indiana.

7. This action arises under, and the rights and responsibilities of the parties to this cause of action are governed by the Federal Employers' Liability Act, 45 U.S.C. Sec. 51-60.

8. On or about January 29, 2021 and January 30, 2021, Plaintiff was employed by NORFOLK SOUTHERN as a freight conductor.

9. On January 29, 2021, Plaintiff was on duty for NORFOLK SOUTHERN as a conductor at approximately 9:00 pm CST in the course of his employment and was assigned a job to switch railroad cars at a local industry in Frankfort, Indiana owned and operated by Defendant, FRITO-LAY, INC. ("FRITO-LAY").

10. At all pertinent times, Plaintiff was performing work for NORFOLK SOUTHERN in connection with, or in furtherance of, NORFOLK SOUTHERN 's business of interstate commerce and transportation.

11. On or about January 29, 2021 at approximately 11:05 CST and 12:05 EST on January 30, 2021, while in the process of taking cars out of the FRITO-LAY East facility, Plaintiff was required to operate a derail mechanism installed on railroad track at or near the FRITO-LAY East facility.

12. At the time and place aforesaid, while in the process of operating said derail it did not move in its normal course causing injury to Plaintiff's neck and shoulder.

13. It was the continuing non-delegable duty of NORFOLK SOUTHERN, as Plaintiff's employer, at that place and time, to use ordinary care in furnishing Plaintiff with a reasonably safe place to work.

14. In violation of its duty, NORFOLK SOUTHERN was negligently failed to provide Plaintiff with a safe place to work by one or more of the following negligent acts and/or omissions:

    a. Failed to provide Plaintiff with a reasonably safe place to work;

    b. Failed to properly maintain the derail involved in Plaintiff's incident and injury;

    c. Failed to properly install the derail involved in Plaintiff's incident pursuant to manufacturer guidelines;

    d. Failed to properly inspect the derail involved in Plaintiff's incident pursuant to manufacturer guidelines;

    e. Failed to warn Plaintiff that the derail was difficult to operate in the normal course; and

    f. Failed to comply with industry standards as it relates to the maintenance of railroad derail mechanisms.

15. NORFOLK SOUTHERN's failure to provide Plaintiff with a reasonably safe place to work by one or more of the foregoing acts and/or omissions caused, in whole or in part, the Plaintiff to sustain severe personal injuries.

16. As a consequence, Plaintiff sustained injuries which have caused him pain, suffering, inconvenience, loss of a normal life, economic losses, and medical expenses.

WHEREFORE, Plaintiff, CARL MARTY, demands judgment in his favor and against the Defendant, NORFOLK SOUTHERN RAILWAY COMPANY, in a sum in excess of the jurisdictional minimum, plus costs of this suit.

## COUNT II -- NEGLIGENCE
## CARL MARTY V. FRITO-LAY, INC.

1.-16. Plaintiff repeats and incorporates herein by reference each averment contained in paragraphs 1 through 16 of Count I above.

17. On or about January 29, 2021 and January 30, 2021, FRITO-LAY, INC. ("FRITO LAY") was a Delaware corporation with its principal place of business in Texas doing business in the State of Indiana.

18. On or about January 29, 2021 and January 30, 2021, FRITO-LAY owned and operated a facility at or near 2611 CR 0 N/S, Frankfort, Indiana 46041 commonly referred to as Frito-Lay East.

19. The aforementioned Frito-Lay East facility contained railroad tracks into the facility that interchanged with tracks owned, operated and maintained by Defendant, NORFOLK SOUTHERN.

20. A track derail device was located on the aforementioned railroad tracks on the property of Defendant, FRITO-LAY, and/or Defendant NORFOLK SOUTHERN.

21. On or about January 29, 2021 at approximately 11:05 CST and 12:05 EST on January 30, 2021, Plaintiff was required to operate said derail device in order to move this train in and out of Defendant's FRITO-LAY facility. While in the process of operating said derail it did not move in its normal course causing injury to Plaintiff's neck and shoulder.

22. That at all pertinent times, FRITO-LAY was under a duty to exercise the highest degree of care to avoid placing Plaintiff in danger, to exercise the highest degree of care for Plaintiff's safety and to exercise the highest degree of care to maintain and keep its equipment and railroad tracks in safe and operable condition.

23. At the time, place and location, FRITO-LAY, was negligent by one or more of the following acts/omissions:

    a. Failed to provide Plaintiff with a reasonably safe place to work;

    b. Failed to properly maintain the derail involved in Plaintiff's incident and injury;

    c. Failed to properly install the derail involved in Plaintiff's incident pursuant to manufacturer guidelines;

    d. Failed to properly inspect the derail involved in Plaintiff's incident pursuant to manufacturer guidelines;

    e. Failed to warn Plaintiff that the derail was difficult to operate in the normal course; and

    f. Failed to comply with industry standards as it relates to the maintenance of railroad derail mechanisms.

24.     FRITO-LAY's failure to provide Plaintiff with a reasonably safe place to work by one or more of the foregoing acts and/or omissions proximately caused the Plaintiff to sustain severe personal injuries.

25.     As a consequence, Plaintiff sustained injuries which have caused him pain, suffering, inconvenience, loss of a normal life, economic losses, and medical expenses.

WHEREFORE, Plaintiff, CARL MARTY, demands judgment in his favor and against the Defendant, FRITO-LAY, INC., in a sum in excess of the jurisdictional minimum, plus costs of this suit.

Respectfully submitted,

By:     /s/ Robert E. Harrington, III
Robert E. Harrington, III (No. 24616-45)
DUNN HARRINGTON LLC
22 W. Washington St., Suite 1500
Chicago, Illinois 60602
Tel:    (312) 548-7221
Fx:     (312) 548-7223
E-mail:        reh@dunnharrington.com

*Attorneys for Plaintiff Carl Marty*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| CARL MARTY, | ) | |
| | ) | CASE NO. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | TRIAL BY JURY |
| | ) | DEMANDED |
| | ) | |
| NORFOLK SOUTHERN RAILWAY COMPANY, and FRITO-LAY, INC., | ) ) | |
| | ) | |
| Defendants. | ) | |

## **JURY DEMAND**

The Plaintiff, by his attorneys, DUNN HARRINGTON LLC, hereby demands trial by jury.

Respectfully submitted,

By:  /s/ Robert E. Harrington, III
Robert E. Harrington, III (No. 24616-45)
DUNN HARRINGTON LLC
22 W. Washington St., Suite 1500
Chicago, Illinois 60602
Tel:   (312) 548-7221
Fx:    (312) 548-7223
E-mail:    reh@dunnharrington.com

*Attorneys for Plaintiff Carl Marty*